**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 2 6 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 05-1599 |
| Plaintiff, ) | |
| vs. ) | Count 1: 21 U.S.C. § 846: Conspiracy to distribute controlled substances; |
| ANTHONY DEWAYNE HASSON, ) a/k/a Tony Hasson, "Tone," ) KEITH ALAN HASSON, ) a/k/a "Psyche," ) MAURICE DETEIGE SHEPPERD, ) GILBERT TOREZ MANNING, ) DEREK ORLANDO JACKSON, ) WILLIAM DONALD WARD, ) a/k/a "Billy D," ) GERMEEN MICHAEL HASSON, ) a/k/a Germeen Michael, ) | Count 2: 21 U.S.C. § 848: Continuing criminal enterprise; Count 3: 18 U.S.C. § 1956(h): Conspiracy to launder money; 18 U.S.C. § 982: Criminal forfeiture. |
| Defendants. ) | |

## REDACTED INDICTMENT

The Grand Jury charges:

### COUNT 1

Between on or about January 1, 1999 and July 26, 2005, in the State and District of New Mexico, and elsewhere, the Defendants, **ANTHONY DEWAYNE HASSON, a/k/a Tony Hasson, a/k/a "Tone," KEITH ALAN HASSON, a/k/a "Psyche," MAURICE DETEIGE SHEPPERD, GILBERT TOREZ MANNING, DEREK ORLANDO JACKSON, WILLIAM DONALD WARD, a/k/a "Billy D," and GERMEEN MICHAEL HASSON, a/k/a Germeen Michael,** did unlawfully, knowingly and intentionally conspire and agree together and with each other and with other persons whose names are known and unknown to the grand jury to commit the following offenses against the

United States, that is, distribution of more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## Manner and Means

Beginning in approximately January of 1999, and continuing thereafter until approximately July 26, 2005, **ANTHONY DEWAYNE HASSON** was in the business of shipping cocaine from the Los Angeles, California area to customers in destination cities such as Detroit, Michigan, St. Louis, Missouri, and East St. Louis, Illinois. He was joined in this business by his brother, **KEITH ALAN HASSON**, in approximately August of 2000. They would have the cocaine sent through the mail and carried by couriers. They would have the money they obtained from the sale of the cocaine in the destination cities sent through the mail or brought back by couriers, sometimes in the form of currency and sometimes in the form of money orders purchased with the drug proceeds. **WILLIAM DONALD WARD** was a courier, who would send packages of drugs and receive packages of drug proceeds.

After a time, **ANTHONY DEWAYNE HASSON and KEITH ALAN HASSON** switched from cocaine distribution to marijuana distribution. They would have the marijuana sent to the destination cities in large trucks. They would have the money they obtained from the sale of the marijuana sent through the mail or shipped back on trucks. Sometimes one or more of them would accompany the truck drivers in hauling marijuana or money.

**MAURICE DETEIGE SHEPPERD** was a partner with **ANTHONY DEWAYNE HASSON and KEITH ALAN HASSON** in their marijuana distribution. He would travel

2

to locations where the marijuana was to be loaded onto the trucks, such as Phoenix, Arizona, and would help **ANTHONY DEWAYNE HASSON and KEITH ALAN HASSON** oversee the purchase and loading of the marijuana. He would also travel to the destination city and would help **ANTHONY DEWAYNE HASSON and KEITH ALAN HASSON** arrange for the buyer to pick up the marijuana and to deliver the money in payment for the marijuana.

**GILBERT TORREZ MANNING** was a regular buyer of the marijuana supplied by **ANTHONY DEWAYNE HASSON, KEITH ALAN HASSON, and MAURICE DETEIGE SHEPPERD.** He would arrange to have loads of marijuana shipped to him in St. Louis, Missouri or East St. Louis, Illinois. He and others at his direction would distribute the marijuana in the St. Louis area. He would arrange the pickup of the marijuana and the delivery to **ANTHONY DEWAYNE HASSON, KEITH ALAN HASSON, MAURICE DETEIGE SHEPPERD**, or one of their couriers of the money he paid for the marijuana.

**DEREK ORLANDO JACKSON** was a truck driver who drove loads of marijuana and money for **ANTHONY DEWAYNE HASSON, KEITH ALAN HASSON, and MAURICE DETEIGE SHEPPERD. WILLIAM DONALD WARD** continued to act as a money courier and would sometimes accompany the truck drivers as they hauled marijuana and money.

**GERMEEN MICHAEL HASSON**, wife of **ANTHONY DEWAYNE HASSON** assisted in the operations of the drug trafficking business by laundering the drug proceeds. She would take large sums of cash derived from the drug sales and would deposit the cash into various bank accounts or use it to purchase money orders. She

3

would use cash, money in the bank accounts, and money orders to pay various expenses of the drug trafficking business, as well as to invest in real and personal property in an effort to disguise the nature, source, location, ownership, and control of the drug proceeds.

All in violation of 21 U.S.C. § 846.

## COUNT 2

Between on or about January 1, 1999 and July 26, 2005, in the State and District of New Mexico, and elsewhere, Defendants **ANTHONY DEWAYNE HASSON, a/k/a Tony Hasson, a/k/a "Tone," and KEITH ALAN HASSON, a/k/a "Psyche,"** did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise, in that the Defendants did violate the provisions of Title 21 of the United States Code, Sections 841(a) and 841(b), the punishment for which exceeds one year imprisonment, and such violations were part of a continuing series of violations of Title 21 of the United States Code that were undertaken by the Defendants in concert with five or more other persons with respect to whom the Defendants occupied a position of organizer, a supervisory position, or other positions of management, and from which the Defendants obtained substantial income and resources, and the said violations included, without limitation, the following:   (1) distribution of cocaine on or about April 21, 1999; (2) distribution of marijuana on or about December 2002; (3) distribution of marijuana on or about February 2003; (4) distribution of marijuana on or about March 2003; (5) distribution of marijuana on or about April 2003; (6) distribution of marijuana on or about May 2003; (7) distribution of marijuana on or about June 2003; (8) distribution of

marijuana on or about July 2003; (9) distribution of marijuana on or about August 2003; (10) distribution of marijuana on or about September 2003; (11) distribution of marijuana on or about October 2003; (12) distribution of marijuana on or about November 2003; (13) distribution of marijuana on or about December 2003; (14) distribution of marijuana on or about January 2004; (15) distribution of marijuana on or about February 2004; (16) distribution of marijuana on or about March 2004; (17) distribution of marijuana on or about April 2004; and (18) distribution of marijuana on or about May 2004.

In violation of 21 U.S.C. §§ 848(a), 848(c) and 18 U.S.C. § 2.

### COUNT 3

Between on or about January 1, 1999 and July 26, 2005, in the State and District of New Mexico, and elsewhere, Defendants **ANTHONY DEWAYNE HASSON, a/k/a Tony Hasson, a/k/a "Tone," KEITH ALAN HASSON, a/k/a "Psyche," MAURICE DETEIGE SHEPPERD, DEREK ORLANDO JACKSON, WILLIAM DONALD WARD, a/k/a "Billy D," and GERMEEN MICHAEL HASSON, a/k/a Germeen Michael,** did unlawfully, knowingly and intentionally conspire and agree together and with each other and with other persons whose names are known and unknown to the grand jury to commit the following offenses against the United States, that is, laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), and engaging in monetary transactions in criminally derived property, in violation of 18 U.S.C. § 1957.

In violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 1 through 3 of this Indictment, the Defendants, **ANTHONY DEWAYNE HASSON, KEITH ALAN HASSON, MAURICE DETEIGE SHEPPERD, GILBERT TOREZ MANNING, DEREK ORLANDO JACKSON, WILLIAM DONALD WARD, and GERMEEN MICHAEL HASSON,** shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense in violation of 21 U.S.C. §§ 841, 846, or 848 for which the Defendants are convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses, and shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property, real and personal, involved in each offense in violation of 18 U.S.C. §§ 1956 or 1957, or conspiracy to commit such offense, for which the Defendants are convicted, and all property traceable to such property, including but not limited to the following:

1. MONEY JUDGMENT

    A sum of money equal to $20,000,000 currency, representing the amount of money derived from or involved in the offenses, for which the Defendants are jointly and severally liable.

2. BANK ACCOUNTS

    a. All United States currency, funds, or other monetary instruments credited to account number 21351-00742, in the name of Dual Diagnosis Assessment and Treatment Center, Inc., located at Bank of America, NA.

    b. All United States currency, funds, or other monetary instruments credited to account number 27461-00193, in the name of Germeen Hasson, located at Bank of America, NA.

c. All United States currency, funds, or other monetary instruments credited to account number 21359-00743, in the name of Health Care Dual Diagnosis Corp., located at Bank of America, NA.

d. All United States currency, funds, or other monetary instruments credited to account number 765-5217284, in the name of Germeen Michael, located at Wells Fargo Bank, NA.

e. All United States currency, funds, or other monetary instruments credited to account number 750-2789873, in the name of Edna Miller, located at Wells Fargo Bank, NA.

3. REAL PROPERTY

   a. 5112 Lipizzan Place, Rancho Cucamonga, CA 91737, more particularly described as: Lots 32 and 33 of Tract 12332-2, in the City of Rancho Cucamonga, County of San Bernardino, State of California, as per map recorded in Book 218, Pages 63 to 71 inclusive of Maps, in the office of the County Recorder of said County. Assessor's parcel number 1074-521-06.

   b. 7069 Isle Court, Rancho Cucamonga, CA 91739, more particularly described as: Lot 31 of Tract 15915, in the City of Rancho Cucamonga, County of San Bernardino, State of California, as per map recorded in Book 275, Pages 47 to 50 inclusive of Maps, in the office of the County Recorder of said County. Assessor's parcel number 1089-071-17-0-000.

   c. 12188 Dominion Drive, Hampton, GA 30228, more particularly described as: All that tract or parcel of land lying and being in Land Lot 78 of the 5th District, Clayton County, Georgia, and being Lot 133, Northbridge Estates, Unit Two, as per Plat of same filed for record at Plat Book 34, Pages 98 and 99, Clayton County, Georgia records.

   d. 2849 East Tam O'Shanter Court, Ontario, CA 91761, more particularly described as: Lot 44 of Track No. 9704, in the City of Ontario, County of San Bernardino, State of California, as per Map recorded in Book 137 of Maps, Pages 4 and 5, in the Office of the County Recorder of said county, including a two-story five-bedroom two-bath house with three-car garage, large pool/jacuzzi attached, two story dwelling.

   e. 9413 Mast Drive, Las Vegas, NV, 89117-0287, more particularly described as: Parcel 1: Lot One Hundred Forty-nine (149) in

>Block Two (2) of THE BLUFFS UNIT 11B, as shown by map thereof on file in Book 41 of Plats, Page 67, in the Office of the County Recorder of Clark County, Nevada, and by Certificate of Amendment recorded October 25, 1990 in Book 901025 as Document No. 00828 of Official Records. Parcel 2: A non-exclusive easement on and over the "Common Area" as defined in the Declaration of Covenants, Conditions and Restrictions to which reference is hereafter made for access, use, occupancy, enjoyment ingress and egress of the amenities located thereon subject to the terms and provisions of said Declaration of Covenants, Conditions and Restrictions recorded January 20, 1987 in Book 870120 as Document No.00088.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value;

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property described above, including but not limited to the following:

>1. 704 Oakview Trail, Stone Mountain, GA, more particularly described as: All that tract or parcel of land lying and being in Land Lot 25 of the 18th District, Dekalb County, Georgia, being Lot 123, Phase Six, Unit Two, Mountain Oaks Subdivision, as per plat recorded in Plat Book 109, Pages 113-114, Dekalb County, Georgia Records.

2. 3018 E. Norwood Drive, St. Louis, MO 63115-1066, more particularly described as:   Lot 23, Block 4497-E, City of St. Louis, Subdivision Norwood Square Subdivision Lot 23, Norwood Drive East; City of St. Louis, County of St. Louis, State of Missouri, Recorders Map Reference:  MB 29, Pages 92-93.  Assessor's Parcel No. 4497-03-0040-0.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

*Sharon R. Kimball*

DAVID C. IGLESIAS
United States Attorney
07/25/05  10:30am

9